1  Mark J. Payne (State Bar No. 157989)
   Shawn M. Larsen (State Bar No. 204439)
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
3  Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
4  Facsimile:  714-546-9035

5  Attorneys for Defendants
   WORKFLOW MANAGEMENT, INC.
6  and WORKFLOW SOLUTIONS, LLC dba WORKFLOWONE
   (erroneously sued as WORKFLOWONE)
7

FILED

2008 APR 14  PM 3: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8              UNITED STATES DISTRICT COURT

9     SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

10

| | |
|---|---|
| 11  GEORGE RIFFEL, | Case No. '08 CV 0671 J LSP |
| 12           Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| 13      vs. | **28 U.S.C. § 1441(b) (DIVERSITY)** |
| 14  WORKFLOW MANAGEMENT, INC., a Delaware corporation; WORKFLOWONE, | [Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement Pursuant to |
| 15  a business entity, form unknown; and DOES 1 through 25, inclusive, | F.R.C.P. 7.1,, and Notice of Party with Financial Interest Pursuant to L.R. 40.2] |
| 16           Defendants. | |
| 17 | |

18        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

19  SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF GEORGE RIFFEL, AND HIS

20  ATTORNEY OF RECORD:

21        PLEASE TAKE NOTICE that Defendants Workflow Management, Inc. and

22  Workflow Solutions, LLC dba WorkflowOne (erroneously sued as "WorkflowOne")

23  (collectively, the "Defendants") hereby remove the above-entitled action from the Superior

24  Court of the State of California for the County of San Diego in which it is now pending, to

25  the United States District Court for the Southern District of California.  This is a civil

26  action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1),

27  and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §

28  1441(b), on the basis of diversity jurisdiction, for the reasons stated more fully below.

1    The specific grounds for removal are as follows:

2    1.    Plaintiff George Riffel filed a civil action in the Superior Court of the State

3    of California for the County of San Diego ("Superior Court"), entitled *George Riffel v.*

4    *Workflow Management, Inc., et al.*, Case No. 37-2008-00079381-CU-OE-CTL (the

5    "Action") against Defendants Workflow Management, Inc. and "WorkflowOne."

6    2.    Defendant Workflow Management, Inc. and "WorkflowOne" are the only

7    defendants named in the Action. "WorkflowOne," however, is not a separate legal entity.

8    Rather, it is a fictitious business name used by Workflow Solutions, LLC. Workflow

9    Solutions, LLC is the successor in interest to Standard Forms, Inc., which was the entity

10    that entered into the employment agreement at issue in the Action. Pursuant to 28 U.S.C. §

11    1441(a), the citizenship of the fictitious defendants sued by Plaintiff as Doe defendants or

12    otherwise shall be disregarded.

13    3.    This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b)

14    because it is filed within thirty (30) days after Plaintiff served the Action on Workflow

15    Management, Inc. On or after March 14, 2008, Defendant Workflow Management, Inc.

16    was served with a Summons and Complaint in the Action. This is the first paper received

17    by either of the Defendants giving notice of the Action. Workflow Solutions, LLC has not

18    been properly served.

19    4.    The Summons and Complaint constitute all process, pleadings and orders

20    served upon Defendant Workflow Management, Inc. in the Action, and no other pleadings

21    have been served on Defendants. True and correct copies of the Summons and the

22    Complaint are attached hereto as Exhibit A.

23    5.    This Action alleges a single cause of action against Defendants for

24    declaratory relief, pursuant to California Code of Civil Procedure § 1060, *et seq.*

25    6.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. §

26    1332(a)(1), and this action is one that may be removed to this Court by Defendants

27    pursuant to 28 U.S.C. § 1441(b), in that:

28

Rutan & Tucker, LLP
attorneys at law

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION

1       a.    Plaintiff has alleged that he is, and at all relevant times was, a resident

2 of the State of California. (Complaint, ¶ 1.) Defendants are informed and believe that

3 Plaintiff was a citizen of California when he filed the action, and remains a citizen of

4 California at the time of this removal.

5       b.    At the time of Plaintiff's filing of this action in the Superior Court,

6 Defendant Workflow Management, Inc. was, and at the time of removal still is, a citizen of

7 a State other than California. Defendant Workflow Management, Inc. is a corporation

8 organized and existing under the laws of the State of Delaware, with its principal place of

9 business in New York. Workflow Management, Inc. is a holding company. It has no

10 employees and provides no services in California or any other State.

11       c.    At the time of Plaintiff's filing of this action in the Superior Court,

12 Defendant Workflow Solutions, LLC was, and at the time of removal still is, a citizen of a

13 State other than California.

14       i)    The citizenship of an LLC for purposes of diversity jurisdiction

15 is the citizenship of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437

16 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a

17 partnership, an LLC is a citizen of every state of which its owners/members are citizens");

18 *Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939, 942 (S.D. Cal. 2007) ("A limited

19 liability company is a citizen of every state in which its owners are citizens").

20       ii)    Unlike a corporation, an LLC is not a citizen of the state in

21 which it was formed unless one of its members is a citizen of that state. *See JMTR*

22 *Enterprises, LLC v. Duchin*, 42 F.Supp.2d 87, 92-93 (D.Ma. 1999) ("A limited liability

23 company is not a citizen of the state in which it was organized, unless one of its members

24 is a citizen of that state"); *Hale v. MasterSoft Int'l Pty., Ltd.*, 93 F.Supp.2d 1108, 1112

25 (D.Co. 2000) (recognizing that courts "have uniformly held that a limited liability

26 company is a citizen of the states of which its members are citizens, and is not a citizen of

27 the state in which it was organized unless one of its members is a citizen of that state").

28

Rutan & Tucker, LLP
attorneys at law

2101/026496-0003
899360.03 a04/14/08

-3-

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION

1              iii)  Workflow Solutions, LLC has only one member, Defendant

2  Workflow Management, Inc.  As explained above, Defendant Workflow Management, Inc.

3  is a corporation organized and existing under the laws of the State of Delaware, with its

4  principal place of business in New York.  Workflow Management, Inc. is a holding

5  company.  It has no employees and provides no services in California or any other State.

6          7.    The amount in controversy, exclusive of interest and costs, exceeds the sum

7  of $75,000.  Plaintiff's Complaint alleges a claim for declaratory relief, pursuant to

8  California Code of Civil Procedure § 1060, *et seq.*  At issue is the validity of a contract

9  (the "Employment Agreement") between Plaintiff and Standard Forms, Inc. (Plaintiff

10  alleges that Standard Forms, Inc. was subsequently purchased by Defendant Workflow

11  Management, Inc.)

12          a.    In actions seeking declaratory relief, "it is well established that the

13  amount in controversy is measured by the value of the object of the litigation."  *Hunt v.*

14  *Washington State Apple Adver. Commn.*, 432 U.S. 333, 347, 97 S.Ct. 2434 (1977); *Cohn v.*

15  *Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  In non-class action cases, the amount in

16  controversy may be met from the viewpoint of either the plaintiff or defendant.  *See In re*

17  *Ford Co.*, 264 F.3d 952, 958 (9th Cir. 2001) ("Under the 'either viewpoint' rule, the test

18  for determining the amount in controversy is the pecuniary result to either party which the

19  judgment would directly produce"); *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th

20  Cir. 1944) (holding that for purposes of calculating amount in controversy, "the value of

21  the thing sought to be accomplished by the action may relate to either or any party to the

22  action").

23          b.    In cases involving the enforcement of a covenant not to compete,

24  courts look to a number of factors to determine whether the jurisdictional amount has been

25  met, including:  (i) "the profits earned by the employer on business generated by the

26  employee during the period immediately preceding his termination" (*Mailwaukee Mailing,*

27  *Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F.Supp.2d 769, 773 (E.D. Wis. 2003))[1]; (ii)

28

---

[1]  *See also Basiccomputer Corp. v. Scott*, 791 F.Supp. 1280, 1286 (N.D. Ohio 1991);

Rutan & Tucker, LLP
attorneys at law

2101/026496-0003
899360.03 a04/14/08

-4-

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION

1    "the revenues generated by an employee and the revenues lost by the employer"

2    (*Basiccomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992))[2]; and (iii) the "volume

3    of sales involved"(*USAchem, Inc. v. Goldstein*, 512 F.2d 163, 170 (2d Cir. 1975)).

4              c.    In the 12-month period prior to his termination, the customer accounts

5    for which Plaintiff received commissions generated sales revenue totaling over $4 million

6    dollars, resulting in profits well in excess of $75,000.  In fact, Plaintiff earned in excess of

7    $450,000 in commissions based on this sales revenue.  On the basis of these allegations,

8    whether viewed from the perspective of Plaintiff or Defendants, it is more likely than not

9    that the amount in controversy, although not set forth in Plaintiff's Complaint, exceeds

10   $75,000.  *See* 28 U.S.C. § 1332(a).

11         8.    Because the San Diego Division of this District embraces the County of San

12   Diego, the place where the Action is presently pending, removal to the San Diego Division

13   is proper under 28 U.S.C. § 1441(a).

14         9.    Prior to filing this Notice of Removal, named Defendants Workflow

15   Management, Inc. and Workflow Solutions, LLC filed an Answer in the State Court

16   Action.  A true and correct copy of the Answer is attached hereto as Exhibit B.  Other than

17   the documents attached to this Notice of Removal, Defendants are not aware of any other

18   filings or proceedings in the State Court Action.

19         10.   Promptly after filing this Notice of Removal, Defendants will file a Notice of

20   Removal of Case to Federal Court with the Clerk of the Superior Court of the State of

21   California for the County of San Diego attaching a copy of the Notice of Removal filed

22   with this Court today.  *See* 28 U.S.C. § 1446(d).  Attached as Exhibit C is a copy of the

23   Notice that will be filed promptly with the Clerk of the Superior Court of the State of

24   California for the County of San Diego and served on Plaintiff's counsel.

25

26   ───────────────────

27   *Zimmer-Hatfield, Inc. v. Wolf*, 843 F.Supp. 1089, 1091 (S.D. W.Va. 1994).

[2]   *See also Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 446-47 (5th
28   Cir. 1971); *Robert Half Int'l, Inc. v. Van Steenis*, 784 F.Supp. 1263. 1265-66 (E.D. Mich.
     1991).

Rutan & Tucker, LLP
attorneys at law

2101/026496-0003
899360.03 a04/14/08

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION

-5-

1    11.    Because this Court has original jurisdiction of this action pursuant to

2  28 U.S.C. § 1332(a)(1), and Defendants are not citizens of the State of California, where

3  the action is presently pending, removal of this action is proper pursuant to 28 U.S.C. §

4  1441(b).

5    WHEREFORE, Defendants pray that the above-referenced Action now pending in

6  the Superior Court of the State of California for the County of San Diego, Case No. 37-

7  2008-00079381-CU-OE-CTL, be removed from that Court to the United States District

8  Court for the Southern District of California, San Diego Division.

9

10  Dated:  April 14, 2008                 RUTAN & TUCKER, LLP
                                           MARK J. PAYNE
11                                         SHAWN M. LARSEN

12                                         By:

13                                         Shawn M. Larsen
                                           Attorney for Defendants WORKFLOW
14                                         MANAGEMENT, INC. and
                                           WORKFLOW SOLUTIONS, LLC
15                                         (erroneously sued as WORKFLOWONE)

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2101/026496-0003
899360.03 a04/14/08                        -6-

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
WORKFLOW MANAGEMENT, INC., a Delaware corporation;
WORKFLOWONE, a business entity, form unknown; and DOES
1 through 25, inclusive,

FILED
Superior Court

MAR 0 7 2008

By: C. Beutler Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
GEORGE RIFFEL

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA IN AND FOR SAN DIEGO<br>CENTRAL JUDICIAL DISTRICT - HALL OF JUSTICE<br>330 West Broadway          San Diego, California 92101 | CASE NUMBER:<br>(Número del Caso):<br>37-2008-00079381-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harvey C. Berger / Aaron A. Hayes          POPE, BERGER & WILLIAMS, LLP
550 West C Street, Suite 1400          San Diego, CA 92101
(619) 595-1366

DATE:    MAR 0 7 2008          Clerk, by     C. Beutler     , Deputy
(Fecha)          (Secretario)          (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Riffel 5025

**EXHIBIT A, PAGE 7**

1  Harvey C. Berger (SBN 102973)
   Aaron A. Hayes (SBN 236122)
2  POPE, BERGER & WILLIAMS, LLP
   550 West "C" Street, Suite 1400
3  San Diego, California 92101
   Telephone: (619) 595-1366
4  Facsimile: (619) 236-9677

5  Attorneys for Plaintiff GEORGE RIFFEL

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN DIEGO

10            CENTRAL JUDICIAL DISTRICT (HALL OF JUSTICE)

11

12  GEORGE RIFFEL,                 )    Case No. 37-2008-00079381-CU-OE-CTL
                                   )
13       Plaintiff,                )
                                   )
14  v.                             )    PLAINTIFFS' COMPLAINT
                                   )
15  WORKFLOW MANAGEMENT, INC., a )
    Delaware corporation; WORKFLOWONE, a )
16  business entity, form unknown; and DOES 1 )
    through 25, inclusive,         )
17                                 )
                                   )    Complaint Filed: _____
18       Defendants.               )    Trial Date: Not Set
                                   )
19  _____)

20

21       Plaintiff GEORGE RIFFEL, hereby alleges as follows:

22                         **I. JURISDICTION**

23       1.       This Court is the proper Court, and this action is properly filed in the County of San

24  Diego, Central Judicial District (Hall of Justice), because:   Plaintiff performed work for

25  WORKFLOW MANAGEMENT, INC., WORKFLOWONE, and DOES 1 through 25 (collectively,

26  "DEFENDANTS") made the subject of this action, in the County of San Diego, and within the

27  jurisdiction of the Central Judicial District; a dispute which affects Plaintiff's rights has arisen in

28  the County of San Diego, and within the jurisdiction of the Central Judicial District, between

                            - 1 -        EXHIBIT A , PAGE 8

1   DEFENDANTS and Plaintiff based upon an employment agreement between Plaintiff and

2   DEFENDANTS made the subject of this action; Plaintiff resides (and/or at times relevant hereto,

3   has resided) in the County of San Diego; and DEFENDANTS are business entities which conduct

4   and transact business (and/or at times relevant hereto have conducted and transacted business) in

5   the County of San Diego, and within the jurisdiction of the Central Judicial District.

6

7                            **II. FACTUAL ALLEGATIONS**

8          2.      Plaintiff is a former employee of DEFENDANTS, and performed work for

9   DEFENDANTS within the County of San Diego for the period from in or about June, 1995,

10  through February, 2008, as a Sales Representative pursuant to a written employment agreement

11  between Plaintiff and DEFENDANTS (attached as Exhibit 1).[1] A dispute has now arisen between

12  Plaintiff and DEFENDANTS with regard to Plaintiff's rights and obligations, as a former employee

13  of DEFENDANTS.

14         3.      Plaintiff was terminated by DEFENDANTS on or about February 20, 2008, and at

15  the time of his termination, Plaintiff was informed by DEFENDANTS that DEFENDANTS

16  consider Plaintiff to be bound by a "restrictive covenant" contained in the employment agreement

17  between them, for a period of two years after termination, to not compete with DEFENDANTS'

18  business "by soliciting or accepting competing business from any person or entity which was a

19  customer" of DEFENDANTS for the two-year period before Plaintiff's termination, with no

20  geographical limitation on the scope of this restriction. Plaintiff alleges, as detailed below, that this

21  restrictive covenant is unenforceable within the State of California and void by operation of

22  California Business and Professions Code section 16600, *et seq.* In this action, Plaintiff seeks a

23  declaration of this Court as to Plaintiff's rights and obligations pursuant to Plaintiff's employment

24  agreement, and a declaration of this Court that the restrictive covenant and non-competition

25  restrictions of Plaintiff's employment agreement are void by operation of California Business and

26

27  _____

        [1] The employment agreement was entered into between Plaintiff and Standard Forms, Inc.,
28  which ultimately was acquired by WORKFLOW MANAGEMENT, INC., and it is this employment
    agreement by which WORKFLOW MANAGEMENT, INC., claims Plaintiff to be bound.

                                    - 2 -        EXHIBIT _A_, PAGE _9_

1 | Professions Code section 16600, *et seq.*

2 |     4.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times

3 | herein WORKFLOW ONE, and DOES 1 - 25 were business entities which were qualified to

4 | transact and conduct business in the State of California, and did transact and conduct business in

5 | the State of California, County of San Diego.

6 |     5.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times

7 | herein (unless otherwise alleged in this Complaint) that each of the defendants were the agents,

8 | employees and/or servants, masters or employers of the remaining defendants, and in doing the

9 | things herein alleged, were acting within the course and scope of such agency or employment, and

10 | with the approval and ratification of each of the other defendants.

11 |     6.    The true names and capacities, whether individual, corporate, associate, or otherwise,

12 | of DOES 1 - 25, inclusive, are unknown to Plaintiff, who therefore sues the DOE Defendants by

13 | fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when

14 | they have been ascertained.

15 | ### III. PLAINTIFF'S CAUSE OF ACTION

16 | ### DECLARATORY RELIEF [C.C.P. §1060, *et seq.*]

17 |     7.    Plaintiff hereby realleges, and incorporates by reference as though set forth fully

18 | herein, the allegations contained in Paragraphs 1 through 6.   This cause of action is plead by

19 | Plaintiff, against DEFENDANTS.

20 |     8.    An actual controversy exists between Plaintiff and DEFENDANTS regarding

21 | Plaintiff's rights and obligations, as a former employee of DEFENDANTS, pursuant to the

22 | employment agreement (attached as Exhibit 1) between Plaintiff and DEFENDANTS. Specifically,

23 | Plaintiff was terminated by DEFENDANTS on or about February 20, 2008, and at the time of his

24 | termination, Plaintiff was informed by DEFENDANTS that DEFENDANTS consider Plaintiff to

25 | be bound by a "restrictive covenant" contained in the employment agreement between them, for a

26 | period of two years after termination, to not compete with DEFENDANTS' business "by soliciting

27 | or accepting competing business from any person or entity which was a customer" of

28 | DEFENDANTS for the two-year period before Plaintiff's termination, with no geographical

- 3 -

EXHIBIT A, PAGE 10

1    limitation on the scope of this restriction.

2        9.    At all times relevant, California Business and Professions Code section 16600, *et*

3    *seq.*, was in force and effect and binding upon DEFENDANTS. Section 16600 provides, in relevant

4    part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade,

5    or business is to that extent void." Accordingly, DEFENDANTS may not restrict Plaintiff, as a

6    California employee, from engaging in any lawful competition against DEFENDANTS, and the

7    restrictive covenant and non-competition provisions of Plaintiff's employment agreement are

8    therefore void and unenforceable, pursuant to California law.

9        10.    Pursuant to the powers of this Court under California Code of Civil Procedure

10   section 1060, *et seq.*, Plaintiff seeks a declaration of this Court as to Plaintiff's rights and

11   obligations pursuant to Plaintiff's employment agreement, and a declaration of this Court that the

12   restrictive covenant and non-competition restrictions of Plaintiff's employment agreement are void

13   by operation of California Business and Professions Code section 16600, *et seq.*, such that Plaintiff

14   is free to engage in any and all lawful competition against DEFENDANTS within the State of

15   California.

16       11.    A judicial declaration is necessary and appropriate, as Plaintiff and DEFENDANTS

17   cannot resolve this matter without a legal declaration of their mutual rights and respective positions.

18       12.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

- 4 -    EXHIBIT $\underline{A}$, PAGE $\underline{11}$

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in this action as follows:

13.    For a declaration of this Court as to Plaintiff's rights and obligations pursuant to Plaintiff's employment agreement;

14.    For a declaration of this Court that the restrictive covenant and non-competition restrictions of Plaintiff's employment agreement are void by operation of California Business and Professions Code section 16600, *et seq.*, such that Plaintiff is free to engage in any and all lawful competition against DEFENDANTS within the State of California;

15.    For all such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: *3/5/08*

POPE, BERGER & WILLIAMS, LLP

By: _____
Harvey C. Berger, Esq.
Aaron A. Hayes
Attorneys for Plaintiff GEORGE RIFFEL

- 5 -

EXHIBIT $A$, PAGE 12

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

# Exhibit "1"

EXHIBIT _A_, PAGE _13_

# EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT, made as of this **20th** day of **June, 1995**, by and between **STANDARD FORMS, INC.** (hereinafter referred to as "Employer") and **Mr. George Riffel** (hereinafter referred to as "Employee").

# WITNESSETH

WHEREAS, Employer is principally engaged in the business of printing and sale of business forms together with related products and supplies; and

WHEREAS, there is a substantial demand for Employer's services, as well as substantial goodwill in Employer's trade name, Standard Forms, Inc., which name signifies to the public the highest standards of professional integrity and quality products and service; and

WHEREAS, Employee wishes to be trained by Employer to establish himself as a Sales Representative in the employ of Employer, all according to the terms of this Agreement; and

WHEREAS, Employee recognizes the importance to Employer and to the public of maintaining the high standards and quality associated with Employer's name and reputation, and is willing to maintain such high standards and quality; and

WHEREAS, Employer has established many valuable vendor and customer contacts within its service area and wishes and requires protection in maintaining these customer relationships; and

WHEREAS, Employer's personnel both develop and come in contact with Employer's customers, vendors and certain proprietary and confidential information which has significant economic value and is not readily available to the public, and which is of great importance to Employer in dealing with its clientele, which is carefully protected by Employer as secret and confidential information; and

WHEREAS, Employee will, in his position as Sales Representative, act for Employer in maintaining, improving, developing, and servicing Employer's vendors and customers, and both parties to this Agreement have recognized and do recognize that Employee will be employed in a position of trust and confidence in which a high, fiduciary duty of loyalty on the part of the Employee to the Employer is created; and

WHEREAS, Employee desires to be employed by Employer and Employer desires to employ the services of Employee as a Sales Representative to perform such services as may be assigned to him by the Employer pursuant to the terms, covenants and conditions hereinafter set forth;

EXHIBIT A, PAGE 14



# AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and agreements hereinafter set forth; Employer and Employee agree as follows:

1.    Employment.  Employer hereby employs Employee as a Sales Representative to perform all duties consistent with such position and associated therewith.  Employee hereby accepts and agrees to such employment, subject to the general supervision and pursuant to the orders, advice and direction of Employer.

2.    Loyalty and Best Efforts.  Employee hereby acknowledges and undertakes a strict duty of loyalty to Employer and promises to devote his best efforts, experience and talents full time to the performance of his duties for Employer.  Employee agrees to give proper time and attention to furthering Employer's business and goodwill, and to comply with all rules, regulations, and policies established or issued by Employer. Employee further agrees to refrain from taking advantage, for himself or others of any corporate opportunities of the Employer.

3.    Term of Employment.  The term of this Agreement shall commence as of the date first written above and remain in full force and effect until terminated as set forth herein.

4.    Compensation and Duties.  As compensation while employed hereunder, Employee, during his satisfactory performance of his duties and obligations as set forth in Exhibit A attached hereto, shall be entitled to compensation from Employer as set forth in Exhibit A.  Such duties and compensation may be changed from time to time by the preparation and signing of a new Exhibit "A" by both Employer and Employee.

5.    Termination.  Either party may terminate this Agreement and the employment contemplated herein at any time, and without liability for doing so, by giving the other party hereto at least fourteen (14) days prior written notice.  Additionally, Employer may terminate this Agreement immediately and without written notice to Employee upon the occurrence of any of the events listed in items (a) through (f) below.  Provided, however, that the provisions of this Agreement regarding confidentiality and non-competition shall survive any termination, voluntary or involuntary, effected by Employer or by Employee and regardless of cause, unless the parties agree in writing to the contrary.

(a)    A determination by Employer that Employee has failed to satisfactorily perform the duties of Employee as required or contemplated hereunder;

(b)    Employee is convicted of a felony or any crime  involving moral turpitude;

(c)    Insubordination by Employee;

EXHIBIT A , PAGE 15

(d)   Dishonesty by Employee;

(e)   Any act of disloyalty, including failure to preserve and enhance the business interests of the Employer as the Employee's foremost responsibility during the term hereof;

(f)   Any act or omission which injures or brings discredit upon the reputation and/or goodwill of the Employer and/or its officers, directors, shareholders or other staff.

The failure of Employer at any time to require performance by Employee of any provision expressed herein shall in no way affect the Employer's right to thereafter enforce such provision; nor shall the waiver by Employer of any breach of any provision expressed herein be taken or held to be a waiver of any succeeding breach of any such portion or as a waiver of a provision itself. Furthermore, this Agreement shall terminate immediately if either the death or incapacity of the Employee shall render Employee incapable of carrying out Employee's responsibilities and duties as expressed herein.

6.   Termination Due to Discontinuance of Business. In the event that Employer shall discontinue operating its business in Employee's territory without assignment of this Agreement, then this Agreement shall terminate as of the day on which Employer ceases such operation with the same force and effect as if such day were originally set as the termination date hereof. In the event of the termination of this Agreement under this paragraph 6, the non-competition provisions of this Agreement shall remain applicable and shall survive such termination. It is expressly understood and agreed that even in the event of a termination under this paragraph, Employer has a continuing interest and need for protection with regard to customers which have offices both inside and outside Employee's Territory with regard to customers inside such Territory which may be serviced by Employer from its other locations.

7.   Other Employment. Employee shall not, during the term hereof, be interested directly or indirectly, in any manner, as partner, officer, director, investor, stockholder, advisor, employee, or in any other capacity, in any other business similar to Employer's business or engaged in the printing or sale of products similar to Employer's products for Employee's personal advantage or benefit or that of others. Any other employment or position which might reasonably be deemed contrary to the best interests of the Employer is prohibited. Employee agrees to obtain written consent prior to entering into any other occupation, even if dissimilar to that of Employer. Provided, however, that nothing herein contained shall be deemed to prevent or limit the right of Employee to invest in the capital stock or other securities of any corporation whose stock or securities are publicly owned or are regularly traded on any public exchange, nor shall anything herein contained be deemed to prevent Employee from investing in real estate for his own benefit, provided such investment is not related to or in support of any entity engaged in a business similar to that of the Employer.

8.   Benefits. Employer will provide Employee with those fringe benefits which Employer, at its sole discretion, determines to make available from time to time.

EXHIBIT A , PAGE 16

9.    <u>No Prior Agreements</u>.  Employee represents that he is not a party to, or otherwise subject to or bound by the terms of any contract, agreement, or understanding which in any manner would limit or otherwise affect his ability to perform his obligations hereunder, including, without limitation, any contract, agreement, or understanding containing any provision limiting Employee's right to compete with a prior Employer.  Employee further represents that his employment with Employer will not require the disclosure or use of any confidential information belonging to prior employers or other persons or entities.  In the event that Employer is required to expend sums in defense of an action brought by a former employer of Employee regarding the employment created herein, Employee will indemnify and hold Employer harmless from such action including, but not limited to all damages, attorneys' fees, court costs or other sums reasonably incurred in Employer's defense.

10.    <u>Covenant Not to Compete</u>.  Employee acknowledges that during the course of his employment, he will acquire confidential information about Employer's business, including but not limited to, its customers, vendors, prices, sales strategies and other proprietary, confidential information.  In order to protect Employer's critical interest in these relationships and information, Employee covenants as follows:

(a)    Employee agrees that upon the termination of his employment, whether such termination is voluntary or involuntary, effected by Employee or Employer, regardless of cause, and for a period of two (2) years following the last day of employment, Employee will not, directly or indirectly, compete with Employer by soliciting or accepting competing business from any person or entity which was a customer of Employer at the time of Employee's separation and/or for a two (2) year period prior thereto.  The parties agree that competing with the Employer's business shall mean engaging in any ownership, managerial, consulting or sales capacity in the business of printing and sales of business forms and related products, supplies and services.

(b)    It is the specific intent of the parties that Employee shall be restricted as set forth above from engaging, directly or indirectly, for himself or any other person or entity, in any facet of Employer's business in which Employee engaged prior to the termination of employment and from any facet of Employer's business about which Employee acquired proprietary or confidential information during the course of his employment.

(c)    Employee agrees that competition shall include, but not be limited to, engaging in competitive activity, either as an individual, director, shareholder, officer, partner, independent contractor, consultant or joint venturer with any other person or entity, or as an employee, agent, contractor, consultant or representative of any other person or entity, or otherwise being associated in a competitive capacity with any business entity which directly or indirectly competes with Employer.

(d)    Employer and Employee have examined in detail the Covenant Not to Compete and agree that the restraint imposed upon Employee is reasonable in light of the legitimate interests of Employer, and it is not unduly harsh upon Employee's ability to earn a livelihood.

EXHIBIT __A__, PAGE __17__

11.    Non-Disclosure of Confidential Information.

(a)    Employee agrees to hold and safeguard any information about Employer gained by Employee during the course of Employee's employment. Employee shall not, without the prior written consent of Employer, misappropriate, disclose or make available to anyone for use outside Employer's organization at any time, either during his employment or subsequent to any termination of his employment, whether such termination is voluntary or involuntary, effected by Employee or Employer, regardless of cause, any confidential and/or proprietary information, and any information regarding Employer's customers whether or not developed by Employee, except as required in the performance of Employee's duties for Employer.

(b)    Employee understands and agrees that any information about Employer's customers is the sole property of Employer and is essential to the protection of Employer's goodwill and to the maintenance of Employer's competitive position and accordingly should be kept secret.

12.    Injunctive Relief.

(a)    Employer and Employee agree that irreparable injury will result to this Employer in the event Employee violates any restrictive covenant contained in the Agreement and Employee acknowledges that the remedies at law for any breach by Employee will be inadequate and that Employer shall be entitled to injunctive relief against Employee in addition to any other remedy and damages available. Employee acknowledges that the restrictions contained herein are reasonable, but agrees that if any court of competent jurisdiction shall hold such restrictions unreasonable as to time, geographic area, activities or otherwise, such restrictions are subject to and shall be deemed to be reduced to the extent necessary in the opinion of such court to make them reasonable.

(b)    Employee agrees that the non-competition, non- disclosure, and non-solicitation obligations contained herein shall be extended by the length of time which Employee shall have been in breach of any of said provisions. Accordingly, Employee recognizes that the time periods included in the restrictive covenants order enjoining Employee from violating such provisions unless good cause can be shown as to why the periods described should not begin at that time.

13.    Disclosure of Materials. Employee agrees that he shall promptly disclose to Employer all processes, techniques, methods, discoveries, improvements, and/or other materials made or developed by Employee in whole or in part during the period of Employee's employment which are related in any way to the business or activities of Employer. Employee recognizes that all such materials shall belong to and be the sole property of Employer, and Employee hereby assigns and agrees to assign all rights to such materials to Employer.

EXHIBIT  A , PAGE 18

14.  <u>Return of Materials</u>.  Upon the termination of Employee's employment with Employer for any reason, whether such termination is voluntary or involuntary, effected by Employee or Employer, regardless of cause, Employee shall promptly deliver to Employer all property, records, materials, documents, and copies of documents concerning Employer's operations and/or its customers which Employee has in his possession or under his control at the time of termination of his employment.

15.  <u>Non-Solicitation of Employees</u>.  Employee agrees that during his employment with Employer and for two (2) years following termination of Employee's employment, whether such termination is voluntary or involuntary, effected by Employer or Employee, regardless of cause, Employee shall not, directly or indirectly, solicit or induce, or attempt to solicit or induce, any employee of Employer to leave Employer for any reason whatsoever or hire any individual employed by Employer.

16.  <u>Opportunity For Review</u>.  Employee understands the nature of the burdens imposed by the restrictive covenants contained in this Agreement.  Employee acknowledges that he is entering into this Agreement on his own volition, and that he has been given the opportunity to have this Agreement reviewed by the person(s) of his choosing Employee represents that upon careful review, he knows of no reason why any restrictive covenant contained in this Agreement is not reasonable and enforceable.

17.  <u>Restrictive Covenants of the Essence</u>.  There restrictive covenants upon the Employee set forth herein are of the essence of this Agreement; they shall be construed as independent of any other provision in this Agreement; and the existence of any claim or cause of action of the Employee against the Employer, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by the Employer of the restrictive covenants contained herein.

18.  <u>Assignability</u>.   The obligations of Employee under this Agreement shall continue after the termination of his employment  and shall be binding on Employee's heirs, executors, legal representatives and assigns; such obligations shall inure to the benefit of any successors or assigns of Employer.  This Agreement may be assigned only by Employer.

19.  <u>Severability</u>.  It is the intention of the parties that the provisions of the restrictive covenants herein shall be enforceable to the fullest extent permissible under the applicable law. If any clause or provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, then the remainder of this Agreement shall not be affected thereby, and in lieu of each clause or provision of this Agreement which is illegal, invalid or unenforceable, there shall be added, as part of this Agreement, a clause or provision as similar in terms to such illegal, invalid or unenforceable clause or provision as may be possible and as may be legal, valid and enforceable.

EXHIBIT  A , PAGE  19

20.    Attorneys' Fees . Employee shall pay, indemnify and hold Employer harmless against all costs and expenses (including reasonable attorneys' fees) incurred by Employer with respect to enforcement of its rights under this Agreement.

21.    Integration and Modification . This Agreement constitutes the entire agreement of the parties concerning their employment arrangement and supersedes all other prior or contemporaneous agreements, written or oral. No modification or waiver of any covenant, condition or limitation contained herein shall be valid unless done in writing and duly executed by both parties hereto.

22.    Consent to Jurisdiction and Venue . Employee hereby irrevocably submits to the jurisdiction and venue of the Circuit Court of the City of Norfolk, Virginia, in any action or proceeding arising out of, or relating to, this Agreement, and Employee hereby irrevocably agrees that all claims in respect of any such action or proceeding may be heard and determined in such Court. Employee agrees that a final judgment in any such action or proceeding shall, to the extent permitted by applicable law, be conclusive and may be enforced in other jurisdictions by suit on the judgment, or in any other manner provided by applicable law related to the enforcement of judgments.

23.    Governing Law . This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia.


_____  7/1_____                    _____
Date                                              George Riffel


                                                   STANDARD FORMS, Inc.

_____ 7/31/95 _____        By  _____
Date                                              Tom Cunningham
                                                   Its:   President


7                            EXHIBIT  A , PAGE 20

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: 330 West Broadway |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: Central |
| TELEPHONE NUMBER: (619) 685-6058 |

| PLAINTIFF(S) / PETITIONER(S):    George Riffel |
|---|
| DEFENDANT(S) / RESPONDENT(S): Workflow Management Inc et.al. |

RIFFEL VS. WORKFLOW MANAGEMENT INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00079381-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-61

COMPLAINT/PETITION FILED: 03/06/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

NOTICE OF CASE ASSIGNMENT

EXHIBIT _A_, PAGE _21_



©COPY

CIVIL BUSINESS OFFICE 9
CEN...

2008 APR 11 P 1:42

CLE...

1 | RUTAN & TUCKER, LLP
Mark J. Payne (State Bar No. 157989)
2 | Shawn M. Larsen (State Bar No. 204439)
611 Anton Boulevard, Fourteenth Floor
3 | Costa Mesa, California 92626-1931
Telephone: 714-641-5100
4 | Facsimile: 714-546-9035

5 | Attorneys for Defendants
WORKFLOW MANAGEMENT, INC. and
6 | WORKFLOW SOLUTIONS, LLC dba WORKFLOWONE
(erroneously sued as WORKFLOWONE)

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO

10 | CENTRAL JUSTICE DISTRICT (HALL OF JUSTICE) **BY FAX**

11 | GEORGE RIFFEL,                          | Case No. 37-2008-00079381-CU-OE-CTL

12 |         Plaintiff,                      | ASSIGNED FOR ALL PURPOSES TO:
                                             | HON. JOHN S. MEYER
13 | vs.                                     | DEPARTMENT C-61

14 | WORKFLOW MANAGEMENT, INC., a             | **ANSWER OF DEFENDANTS WORKFLOW**
Delaware corporation; WORKFLOWONE, a       | **MANAGEMENT, INC. AND WORKFLOW**
15 | business entity, form unknown; and DOES 1 | **SOLUTIONS, LLC dba WORKFLOWONE**
through 25, inclusive,                      | **TO PLAINTIFF'S COMPLAINT**
16 |
         Defendants.                        | Date Action Filed: March 6, 2008
17 |                                         | Trial Date:        Not Assigned

18

19 |      Defendants Workflow Management, Inc., and Workflow Solutions, LLC dba

20 | WorkflowOne (erroneously sued as "WorkflowOne") (collectively, the "Defendants"), for

21 | themselves alone and no other Defendant, answer the Complaint ("the Complaint") filed by

22 | Plaintiff George Riffel ("Plaintiff"), as follows:

23 |                              **GENERAL DENIAL**

24 |      Pursuant to Code of Civil Procedure Section 431.30(d), Defendants deny, generally and

25 | specifically, each and every allegation of the Complaint and further deny that Plaintiff is entitled

26 | to the relief sought.

27

28

Rutan & Tucker, LLP
attorneys at law

231/020-6496-0003
899922.02 a04/11/08

-1-
ANSWER TO COMPLAINT

EXHIBIT _B_, PAGE _22_

## AFFIRMATIVE DEFENSES

For their separate and independent affirmative defenses in this action, and without conceding that they bear the burden of proof or persuasion as to any such defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Cause of Action)

1.     The Complaint, and the purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Not A Party To The Contract)

2.     The Complaint, and the purported cause of action alleged therein, fails as to Defendant Workflow Management, Inc. because it is not a party to the contract at issue.

### THIRD AFFIRMATIVE DEFENSE

### (Lack Of Jurisdiction)

3.     This Court lacks jurisdiction over this matter because the contract at issue contains a choice of law provision stating that it shall be governed by, and construed in accordance with, the laws of the Commonwealth of Virginia and that the parties shall submit to the jurisdiction and venue of Virginia courts.

### FOURTH AFFIRMATIVE DEFENSE

### (Improper Venue)

4.     This Court is not the proper venue for this matter because the contract at issue contains a choice of venue provision in which Plaintiff "irrevocably submits to the jurisdiction and venue of the Circuit Court of the City of Norfolk, Virginia, in any action or proceeding arising out of, or relating to" the contract.

### FIFTH AFFIRMATIVE DEFENSE

### (Misjoinder)

5.     The Complaint, and the purported cause of action alleged therein, is barred, in whole or in part, as against Defendants because they are not proper party defendants.

EXHIBIT __B__, PAGE __23__

## OTHER AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses if discovery and investigation indicate additional defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.    That Plaintiff take nothing by reason of his Complaint;

2.    That judgment be rendered in favor of Defendants;

3.    That Defendants be awarded their attorneys' fees and costs of suit incurred in defense of this action; and

4.    For such other and further relief as this Court may deem proper.

Dated: April 11, 2008

RUTAN & TUCKER, LLP
MARK J. PAYNE
SHAWN M. LARSEN

By: _____
Mark J. Payne
Attorneys for Defendants
WORKFLOW MANAGEMENT, INC.; and
WORKFLOW SOLUTIONS, LLC dba
WORKFLOWONE (erroneously sued as
WORKFLOWONE)

EXHIBIT B , PAGE 24

Rutan & Tucker, LLP
attorneys at law

2310/026496-0003
899922.02 a04/11/08

ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931. My electronic notification address is kgalasso@rutan.com.

On April 11, 2008, I served the following described as:

**ANSWER OF DEFENDANTS WORKFLOW MANAGEMENT, INC. AND WORKFLOW SOLUTIONS, LLC dba WORKFLOWONE TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Harvey C. Berger, Esq.
Aaron A. Hayes, Esq.
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street
Suite 1400
San Diego, California 92101
Tel: (619) 595-1366
Fax: (619) 236-9677
*Attorney for Plaintiff, GEORGE RIFFEL*

[✓]    **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]    **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above, or on the attached service list, on this date before 5:00 p.m.

[ ]    **(BY E-MAIL)** by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth as stated above.

[ ]    **(BY OVERNITE EXPRESS)** I caused such envelope to be delivered by OverNite Express to the offices of the addressees

[✓]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED on April 11, 2008, at Costa Mesa, California.

_____
Kristi Galasso

2211/026496-0003
899951 01 a04/10/08

EXHIBIT B, PAGE 25

1    RUTAN & TUCKER, LLP
     Mark J. Payne (State Bar No. 157989)
2    Shawn M. Larsen (State Bar No. 204439)
     611 Anton Boulevard, Fourteenth Floor
3    Costa Mesa, California 92626-1931
     Telephone:  714-641-5100
4    Facsimile:  714-546-9035

5    Attorneys for Defendants
     WORKFLOW MANAGEMENT, INC. and
6    WORKFLOW SOLUTIONS, LLC dba WORKFLOWONE
     (erroneously sued as WORKFLOWONE)

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO

10         CENTRAL JUSTICE DISTRICT (HALL OF JUSTICE)

| | |
|---|---|
| 11   GEORGE RIFFEL, | Case No. 37-2008-00079381-CU-OE-CTL |
| 12        Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: HON. JOHN S. MEYER |
| 13      vs. | DEPARTMENT C-61 |
| 14   WORKFLOW MANAGEMENT, INC., a Delaware corporation; WORKFLOWONE, a | **NOTICE OF REMOVAL OF ACTION** |
| 15   business entity, form unknown; and DOES 1 through 25, inclusive, | Date Action Filed:  March 6, 2008 Trial Date:       Not Assigned |
| 16        Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _C_; PAGE _26_

1   TO PLAINTIFF GEORGE RIFFEL, AND TO THE CLERK OF THE SUPERIOR COURT OF

2   THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO:

3           PLEASE TAKE NOTICE that Defendants Workflow Management, Inc., and Workflow

4   Solutions, LLC dba WorkflowOne (erroneously sued as "WorkflowOne"), named as Defendants

5   in San Diego County Superior Court Case No. 37-2008-00079381-CU-OE-CTL, have filed in

6   the United States District Court for the Southern District of California, a Notice of Removal

7   effecting the removal of the action to the United States District Court, pursuant to 28 U.S.C. §

8   1441(b). A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit A.

9           PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of

10  the Notice of Removal in the United States District Court for the Southern District of California,

11  together with the giving of written notice thereof to Plaintiff George Riffel and the filing of this

12  Notice with this Court, effects removal of this action, and this Court may proceed no further with

13  this action.

14

15  Dated:  April 14, 2008                          RUTAN & TUCKER, LLP
                                                     MARK J. PAYNE
16                                                   SHAWN M. LARSEN
17
                                                     By:
18                                                      Shawn M. Larsen
                                                        Attorneys for Defendants
19                                                      WORKFLOW MANAGEMENT, INC.; and
                                                        WORKFLOW SOLUTIONS, LLC dba
20                                                      WORKFLOWONE (erroneously sued as
                                                        WORKFLOWONE)
21

22

23

24

25

26

27

28

EXHIBIT __C__, PAGE __27__

1

## PROOF OF SERVICE

2

3       I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.  My electronic

4   notification address is kgalasso@rutan.com.

5       On April 14, 2008, I served the following described as:

6   **NOTICE OF REMOVAL OF CIVIL ACTION**

7   **28 U.S.C. § 1441(b) (DIVERSITY)**

8   on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9   Harvey C. Berger, Esq.
    Aaron A. Hayes, Esq.
10  **POPE, BERGER & WILLIAMS, LLP**
    550 West "C" Street
11  Suite 1400
    San Diego, California 92101
12  Tel:  (619) 595-1366
    Fax:  (619) 236-9677
13  *Attorney for Plaintiff, GEORGE RIFFEL*

14  [✔]   **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and
15  processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa,
16  California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is
17  more than one day after date of deposit for mailing in affidavit.

18  [ ]   **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the offices of the addressee.

19
    [ ]   **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to
20  the fax number(s) set forth above, or on the attached service list, on this date before 5:00 p.m.

21  [ ]   **(BY OVERNITE EXPRESS)** I caused such envelope to be delivered by OverNite
22  Express to the offices of the addressees

23  [✔]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24      EXECUTED on April 14, 2008, at Costa Mesa, California.

25

26  _____
    Kristi Galasso

27

28

**ORIGINAL**

✎ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GEORGE RIFFEL | WORKFLOWMANAGEMENT, INC., a Delaware corporation; WORKFLOWONE, a business entity, form unknown; |

| (b) County of Residence of First Listed Plaintiff San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Harvey C. Berger (SBN 102973)<br>Pope, Berger & Williams, LLP<br>550 West "C" Street, Suite 1400<br>San Diego, CA 92101<br>(619) 595-1366 | Attorneys (If Known)<br>RUTAN & TUCKER, LLP<br>Mark J. Payne (SBN 157989) mpayne@rutan.com<br>Shawn M. Larsen (SBN 204439) slarsen@rutan.com<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA 92626<br>(714) 641-5100 |

**2008 APR 14 PM 3: 24**

**'08 CV 0671 J LSP**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☒ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>28 U.S.C. §§ 1332(a)(1), 1441(b)<br>Brief description of cause:<br>Declaratory relief |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $0.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

DATE
April 14, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 1205  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

SER 4/14/08

American LegalNet, Inc.
www.FormsWorkflow.com

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931. My electronic notification address is kgalasso@rutan.com.

On April 14, 2008, I served the following described as:

**CIVIL COVER SHEET**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Harvey C. Berger, Esq.
Aaron A. Hayes, Esq.
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street
Suite 1400
San Diego, California 92101
Tel: (619) 595-1366
Fax: (619) 236-9677
*Attorney for Plaintiff, GEORGE RIFFEL*

[✓]    **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]    **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above, or on the attached service list, on this date before 5:00 p.m.

[ ]    **(BY OVERNITE EXPRESS)** I caused such envelope to be delivered by OverNite Express to the offices of the addressees

[✓]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on April 14, 2008, at Costa Mesa, California.

Kristi Galasso

2211/026496-0003
899958.01 a04/10/08

INVOICE NO.
## 1233

| SOLD TO: | | SHIP TO: | |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |
| CITY, STATE, ZIP | | CITY, STATE, ZIP | |

| CUSTOMER'S ORDER | SOLD BY: ЯИ | TERMS: | F.O.B. | DATE 4|4|08 |
|---|---|---|---|---|

| QUANTITY | | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 1 | Riffel vs. Work Flow Management, Inc | | 350 00 |
| | 2 | 08CV 0671-J | | |
| | 3 | | | |
| | 4 | | | |
| | 5 | | | |
| | 6 | | | |
| | 7 | | | |
| | 8 | | | |
| | 9 | | | |
| | 10 | | | |

INVOICE
7L721 ©2001 REDIFORM® 030901